THE CITY OF VICKSBURG v. WALTER McLAIN.

1. NEGLIGENCE.  *Trespasser.  Child playing in street.*
   A city guilty of negligence causing the death of a child eight years old while playing in a street cannot avoid liability in a suit by the parent on the ground that the child was a trespasser.

2. CONTRIBUTORY NEGLIGENCE.  *Child of tender years.  Presumption of incapacity.*
   A child eight years old is *prima facie* incapable of contributory negligence, but if he is of exceptional capacity this may be shown.  *Westbrook* v. *M. & O. R. R. Co.*, 66 Miss. 560.

3. SAME.  *Pleading contributory negligence.  Instruction.*
   In an action for the death of a child of such age, if the defendant relies upon contributory negligence of the child, he must, in order to meet the presumption of incapacity, plead the fact of exceptional capacity.  Under the plea of general issue he is not entitled to an instruction as to such contributory negligence.

4. NEGLIGENCE.  *Municipal corporation.  Injury causing death of child.*

When a city in grading a street near a school, attended by small children, has left for several months a precipitous bluff thirty or forty feet high, which from caving and other causes becomes dangerous, as is known to the authorities who neglect to repair it, and one of the school children, eight years old, while playing in the street with others, is killed by the falling of part of the bluff, the city is liable in damages for the death, though the jury may believe that the bluff was left in a reasonably safe condition when the grading ceased.

5. DAMAGES.  *Measure of.  Death of child.*

Only pecuniary damages are recoverable by a parent for the negligent killing of a child, but the word pecuniary is not to be construed in a strict sense.  The recovery is not to be limited to the present loss in money, but prospective advantages of a pecuniary nature may be considered.

6. SAME.  *Certainty of loss.  Instruction.*

The same certainty of pecuniary loss is not required as in other cases where the amount may be definitely shown ; and it is not improper to grant an instruction that the damages recoverable are largely within the discretion of the jury.

7. SAME.  *Excessive verdict.  Remittitur.*

Under the facts of this case, a verdict of four thousand dollars in favor of a father for the death of a son eight years old, considered excessive to the amount of two thousand dollars, and a remittitur of the excess allowed.

FROM the circuit court of Warren county.

HON. RALPH NORTH, Judge.

The allegations of the declaration in this case are set forth in the opinion of the court.  The truth of these averments were substantially established by the evidence at the trial.  It was shown that a large number of small boys attended the Walnut street public school, which was just north of the embankment or bluff left by the city in grading South Madison street in 1886, as stated in the opinion ; that by reason of caving and other causes this bluff had become dangerous as was well known, and that the city authorities neglected to repair it or take any precautions to prevent accidents, and that it remained in this dangerous condition for at least two months before the injury complained of ; that the children attending this school had no play-ground except the school-yard and the

street in front of it upon which this bluff was left standing; that on March 27, 1888, at noon recess, plaintiff's son, not quite eight years old, together with several of his school-mates, went into the street to play marbles. Being near the base of this bluff, unconscious of danger, without warning, a part of the overhanging bank broke loose and fell upon them, killing plaintiff's son and another child and injuring two others.

Two witnesses testified as to the value of the services, one of them to the effect that a boy between eight and thirteen years of age would earn $2.50 to $3 a week; from thirteen to seventeen, $15 to $20 a month, and from seventeen to twenty-one years of age $25 to $40 a month; but that if a parent was desirous of giving his child a good education the cost of support and education would generally about equal his earnings up to majority. The testimony of the other witness as to the earning capacity of a boy was about the same; that he had a boy sixteen years old in his employ, in Vicksburg, to whom he paid wages $25 a month, less $8 for board.

The second and sixth instructions given for the plaintiff, being the ones mainly attacked in argument, are as follows :—

"2. Although the jury should believe from the evidence that the city authorities left the south bank or wall of the street in a reasonably safe condition when they quit work there, yet should they further believe from the evidence that the wall afterwards became unsafe and dangerous and liable to fall by reason of the caving, or by reason of persons digging under the same, and the city authorities had notice of such unsafe and dangerous condition and time to repair the same, and took no means or precaution to prevent it from falling, then they were negligent."

"6. While the damages are measured by money, and are such as can be satisfied by a pecuniary recompense, yet the word pecuniary is not to be construed in a strict sense, nor is the same certainty of loss required to be established as in ordinary actions. The damages recoverable are largely prospective, and their determination is committed to the discretion of the jury even on very meagre and uncertain data."

For a further statement of the case, see the opinion of the court.

*L. W. Magruder,* for the appellant.

1. Plaintiff's second instruction is erroneous in failing to indicate the length of time required to repair and the degree of diligence imposed on the city.  Unless actual notice had come to the city and there was reasonable time to repair before the accident; or, unless sufficient time had elapsed to enable the corporation by the exercise of reasonable diligence to discover the defect, the city was not liable and the jury should have been so informed.  Thompson on Trials, p. 1248.

2. The court erred in instructing the jury as to the measure of damages.  The second instruction for defendant should have been given without modification.  "The measure of damages in case of the death of a minor child, is the probable value of his services from the time of injury until majority, less the probable cost of maintenance."  This is the language of Whitaker's notes to Smith on Negligence, citing various cases.  See, also, Thompson on Negligence, p. 1292; *Haney* v. *Kans. City,* 94 Mo. 335; *R. R. Co.* v. *Barker,* 33 Ark. 350.  "The value of the services is to be estimated as in the case of children in the same condition and station in life, without regard to any peculiar value that the plaintiff may attach to such services."  Smith on Negligence, p. 442.

The sixth instruction for plaintiff is manifestly wrong.  The jury could only be governed by the *evidence* before them.  When the court gave this instruction and refused to tell the jury to be governed by the evidence, that the enormous verdict for the plaintiff followed is not surprising.  On this subject the case of *O'Mara* v. *Hudson River Co.,* 98 Am. Dec., is directly in point.  It holds that the jury cannot go beyond the evidence and be influenced by their own experience in fixing damages.  See, also, *R. R. Co.* v. *Sarett,* 45 Ill. 197; s. c. 92 Am. Dec. 206.  Juries cannot be permitted to roam at will in the field of conjecture.  This proposition needs the authority of no case to support it.

3. The seventh instruction asked by defendant on the subject of the contributory negligence of the child should have been given, and

this question should have been left to the jury. Beach on Con. Neg., pp. 138–144; *Miss. Cent. R. R. Co.* v. *Mason*, 51 Miss. 234.

Defense of contributory negligence may be shown under the general issue. Thompson on Damages, 1179.

If plaintiff's evidence show conclusively contributory negligence, he is liable to nonsuit; if his proof leave a doubt, the question is for the jury. 42 Wis. 513; 28 Am. R. 558.

4. The damages are excessive. In no view of the testimony were the jury warranted in finding over $1000 or $1500. *R. R. Co.* v. *Barker*, 33 Ark. 369; s. c. 34 Am. R. 44; *Hurt* v. *Ry. Co.*, 94 Mo. 255; s. c. 4 Am. St. R. 374.

*Patrick Henry*, on the same side.

1. The question of contributory negligence should have been submitted to the jury. If the child was of that tender age as not to be at fault, this is not true of the parent. On this point see 2 Thompson on Neg., p. 1104; Ib. 1181, §§ 33, 34; 1 Keyes, 570.

As the parent did not care for and look after his child, if the injury was not voluntary or did not arise from gross negligence the plaintiff cannot recover. 1 Thompson on Neg., pages 1121 and 1181; 47 N. Y. 83; 21 Wend. 615; *Westbrook* v. *R. R. Co.*, 66 Miss. 560.

2. A city is not liable for an accident occurring in a street if the person injured is not using the street for a proper purpose. 2 Dill. Mun. Cor., §§ 964, 965, 1015, and notes.

3. A parent can only recover where an action could be maintained by the child. 47 N. Y. 83.

The case of *Mackey* v. *Vicksburg*, 64 Miss., has no application, as it is not averred that the place was inviting or attracted the child.

4. The court erred in refusing defendant's third instruction. The jurors are supposed to know nothing of the case ·except as shown by the evidence. The amount of damages must be *proved*, and in this case the measure was the value of the child's services from the date of the injury to majority, less the cost of maintenance. 2 Thomp. on Neg., 1292; 15 N. Y. 432; 83 Ill. 205; 82

Ib. 198 ; 20 Wend. 210 ; 54 Penn. 495 ; 4 Bliss. 430 ; Sedgwick on Meas. Dam., 2d vol. 534.

5. The verdict is excessive.   The testimony of plaintiff shows that he desired to give his child a good education, and that he could not possibly be expected to have earned the amount recovered.

In cases of this character the courts must be relied upon to restrain juries in giving excessive verdicts.   We cannot believe that the court will allow this verdict to stand.

*Dabney, McCabe & Anderson,* for appellee.

1. The declaration shows a good cause of action.   The idea that the child playing in the street was a trespasser is certainly an original one.   The defendant was guilty of the grossest negligence, and is clearly liable.   *Mackey* v. *Vicksburg,* 64 Miss. 777.

2. It was not necessary to aver in the declaration that the deceased was in the exercise of proper care.   Contributory negligence is a defense, and must be pleaded.   *Hickman* v. *R. R. Co.,* 66 Miss. 154 ; 93 U. S. 291 ; 15 Wall. 401.

3. The verdict is clearly right on the facts.   Plaintiff was entitled to judgment, regardless of any supposed errors in the admission of testimony and in the instructions to the jury.   But there are no such errors.   Plaintiff's instructions are free from objections. It was the duty of the city to keep the street in a reasonably safe condition ; it was bound to take notice of the dangerous condition of this embankment and take steps to prevent injuries likely to occur there.

Plaintiff's sixth instruction was taken *verbatim* from Southerland on Damages, vol. 3, p. 283.

4. There was no plea of contributory negligence, and if there had been the facts would not support a defense on that ground. Therefore defendant was not prejudiced by the refusal of its seventh instruction.

Nor was there any error in refusing defendant's ninth instruction as to " legal notice" of the unsafe condition of the street at the place in question.   The city left the bluff as it was and paid

no attention to rains, caving, and the like. Besides, the authorities were there frequently just prior to the accident, and must have known that the bank was liable to fall.

5. There never was any question in this case except as to the amount of the damages. It is, we admit, a cold question as to the value of the boy in a *quasi* pecuniary sense. But the statute provides that " in every such case the jury may give such damages as may be fair and just with reference to the injury resulting from the death of the child to the person suing." Code 1880, § 1510.

The law presumes loss to the parent on the death of a child. 53 Minn. 84; 75 Ill. 486; 83 Ib. 204.

The recovery is not limited to actual pecuniary damages in the strict sense, and to what may be *proved* at the trial. *R. R. Co.* v. *Parsons,* 94 Mo. 236; 17 N. Y. 321.

It is exceedingly difficult to measure the damages in dollars and cents in cases of this kind. To guess at the amount is the peculiar province of a jury; and it is about the only purpose for which a jury is serviceable.

In this case evidence was offered as to the value of the boy's services. But, under the statute, it was the duty of the jury to estimate the damages, according to their own knowledge and experience, after knowing the age of the boy, his condition of health, and the like. The jury could take the estimates of witnesses, or reject them and make an estimate of their own.

Under the statute and authorities above cited, we submit that the verdict is not excessive. In one case the court refused to disturb a verdict of five thousand dollars for the death of a bright, healthy child six years old. 28 Hun (N. Y.), 409.

The jury, not being misled by instructions, as long as within the bounds of compensation, are supreme.

But, if the court holds that the verdict is too large, we ask leave to enter a remittitur for the excess.

*Blackwell, McLaurin & McLaurin,* on the same side.

1. The demurrer was properly overruled. *Mackey* v. *Vicksburg,* 64 Miss. 777; *Westbrook* v. *R. R. Co.,* 66 Ib. 560.

2. The verdict is sustained by the evidence.  *Chicago* v. *Major*, 18 Ill. 349.

3. The jury were the judges of the amount of damages, and had the right to apply their own knowledge of the affairs of life in connection with the evidence.  *Chicago* v. *Major, supra ;*  Code 1880, 1510.

4. The instructions are free from error.  The seventh for defendant was not applicable, as contributory negligence was not pleaded.  *Westbrook* v. *R. R. Co., supra.*  Defendant's sixth instruction was also properly refused.  A city may not leave pitfalls where children are liable to be injured.  18 Ill. 360.  The length of time the embankment was left standing in a dangerous condition was sufficient to give the city notice and to impose the duty to repair.

5. But, if the court is of opinion that the verdict is excessive, we will remit the excess and ask that judgment be entered here in accordance with § 2300, code 1880.

WOODS, C. J., delivered the opinion of the court.

This action was instituted by McLain, the appellee, for the recovery of damages resulting from the death of his minor child, which death, as is alleged in the declaration, occurred under these circumstances : appellant, from time to time, had been engaged in opening and grading South Madison street, in the city of Vicksburg, immediately south of and adjoining the Walnut street public school ; in the prosecution of that work, appellant had dug and cut through a hill, known as Castle Hill, and instead of cutting said hill sloping, as might have been easily done, appellant cut straight through, leaving a wall, or bluff, on the south side, almost perpendicular, and thirty or forty feet in height, with the bottom of the cut on a level with the said school-yard which was situate adjacent thereto and about fifty feet away ; appellant negligently allowed this hill, so cut, to be gradually undermined and become dangerous, and carelessly and negligently permitted it to stand unsupported and unprotected against falling for a long time, well knowing that the school children were in the habit of playing at

and about the foot of this hill or bluff; appellee's little son, Frank McLain, was a pupil in attendance in said school, and at the noon recess, while playing at or near the base of this bluff, and wholly unconscious of any danger, by reason of his tender age—about eight years—the top of said bluff, by reason of the negligent manner in which it had been cut, undermined, and left by appellant, suddenly broke off and fell upon the child, whereby he was killed almost instantly.

To this declaration appellant demurred, on several grounds, and the demurrer was by the court overruled. On the same day appellant pleaded not guilty. There followed a trial on this issue, with a verdict of the jury against appellant for $4000, and judgment accordingly. There was a motion for a new trial, which was denied, and an appeal taken.

It is assigned for error that the court below erred in overruling the demurrer to the declaration. The second cause of demurrer is that the deceased child was not using the street in the manner in which it was intended to be used, and was a trespasser. As the briefs of neither of appellant's counsel at all refer to this point in the case we deem it unnecessary to say more than that we concur in the opinion of the court below that the child was not a trespasser in such sense as to affect the right of the parent to recover, if it shall be made to appear that the death of the child is attributable to the negligence of appellant.

The 3d and 4th causes of demurrer raise substantially the same question, viz : whether deceased was exercising proper care at the time he received the fatal injuries, and was free from the taint of contributory negligence?

It was held by this court, in *Westbrook* v. *M. & O. R. R. Co.*, 66 Miss. 560, that *prima facie*, a child of tender years is incapable of exercising judgment and discretion, but that evidence may be received to rebut the presumption of incapacity. Clearly the declaration, measured by this rule, was good, and these causes of demurrer are not well taken.

On the whole, then, we think the complainant presented a good cause of action, and the demurrer was properly overruled.

The 4th, 5th, and 6th assignments of error go to the correctness of the action of the court in giving and refusing instructions on the trial below.

The 2d instruction for plaintiff below was properly given. Every statement is elementary and indisputable. The changes, suggested by appellant's counsel, as proper to have been made by the court, are mere verbal and structural alterations, and, if adopted, would leave the instruction, in its legal aspects, substantially as it now stands.

Can it be seriously contended that if appellant left the bluff in a reasonably safe condition when it ceased its work there, yet that, if afterwards the bluff became dangerous by reason of the action of natural causes, or from undermining by digging, and the appellant had notice of such dangerous condition, and had time to repair the same, and took no precaution and used no means to prevent the bluff from falling, this would not be negligence on appellant's part? We think not; and yet this is, substantially, what the court charged the jury in this 2d instruction.

It is insisted by counsel that it was error in the court below to qualify defendant's 2d instruction, which was given, by adding to it the words, "subject to the modification contained in plaintiff's 6th instruction." This 6th instruction contains an abstract legal proposition, taken from an approved text-writer, and is a correct statement. The contention is that when the court informed the jury that "the word *pecuniary*" (in measuring the damages by a *pecuniary* recompense) "is not to be construed in a strict sense, nor is the same certainty of loss required to be established as in ordinary action, and that the damages recoverable are largely prospective, and that their determination is committed to the discretion of the jury, even on very meagre and uncertain data," the jury was mislead. We apprehend that the court only intended to say that, in cases of this character, where damages were sought by a parent for the negligent killing of a child, in using the words "*pecuniary* recompense," in characterizing the nature of the compensation, the words were not to be construed to limit the recovery to the present loss of money, but that prospective advantages of a

pecuniary nature were embraced in the phrase; and, further, that the same certainty of loss was not required to be shown as in other cases where definite loss in dollars and cents might be shown with absolute certainty. This, we think, is all the instruction can be fairly held to declare; and is manifestly correct. If the *pecuniary* recompense, in cases of this character, shall be limited to present money-loss, no damages, other than nominal, could ever be recovered for the negligent killing of a child of tender years. 67 Penn. 304; 24 N. Y. 473.

The 7th instruction for appellant was directed to the supposed contributory negligence of the deceased child. We have already declared, in considering the action of the court in overruling the demurrer herein, that a child of eight years is *prima facie* incapable of exercising judgment and discretion, but that such presumption of incapacity may be rebutted by evidence. It follows that if appellant desired to rebut this presumption by showing deceased was of exceptional capacity and capable of exercising judgment and discretion under the circumstances of the case, appellant should have so pleaded, or given notice under the general issue of the exceptional capacity of the deceased and his possession of the faculty of judgment in such degree as removed him from the class of infants presumptively held incapable of exercising discretion. Having failed to present such plea or notice, no issue involving the question of contributory negligence was before the court, and the instruction was properly refused. *Westbrook* v. *M. & O. R. R. Co., supra.*

We agree, however, with counsel for appellant that the damages awarded are excessive, and on this ground we would reverse the judgment—if appellee had not authorized and directed a remittitur here of any amount thought by us to be excessive. We are of the opinion that the damages awarded are excessive to the amount of two thousand dollars: and with a remittitur entered here by appellee of two thousand dollars, which is ordered to be done, the judgment of the circuit court is reversed and judgment will be entered here for the sum of two thousand dollars.