## YAZOO & M. V. R. CO. *v.* LUCKEN.*

(Division B. Jan. 3, 1925; Suggestion of Error overruled Feb. 9, 1925.)

[102 So. 393. No. 24405.]

1. RAILROADS. *Evidence of failure to give crossing signals held for jury.*

In a personal injury suit where the negligence relied upon was a failure to blow the whistle and ring the bell on approaching a crossing at which the injury occurred, three eyewitnesses testified that they looked and listened for the approach of the train and the sound of the whistle and the ringing of the bell, and that they did not hear these signals given, that these signals were not given, that their hearing was good, and many witnesses testified that the signals were given, and none of the witnesses testifying as to the failure to give the signals are impeached, the question is a question of fact for the jury under proper instructions.

2. RAILROADS. *Peremptory instruction road was public highway held error in view of conflicting evidence.*

In a suit for personal injury occurring at a railroad crossing, where there is a conflict between the evidence for the plaintiff and the defendant as to whether a road crossing the railroad is a highway or a private road, and where the negligence relied on is the failure to give the statutory signals of sounding the whistle and ringing the bell for nine hundred feet before reaching the crossing and keeping such bell ringing or whistle blowing until the crossing is crossed or the train is stopped, it is error for the court to peremptorily instruct the jury that the road is a public highway.

3. NEGLIGENCE. *Railroads. Negligence of driver of vehicle not imputed to occupant thereof; rights and duties of passenger in vehicle stated.*

A person occupying a vehicle driven by another over whom they have no control is not under the same duty nor charged with the same duty or care as the person driving the vehicle on approaching a railroad crossing, and the vigilance ordinarily required of a person approaching a crossing is considerably relaxed, and he may assume that the driver will take such caution as is reasonably prudent under the circumstances. But if he discovers

danger or sees the driver taking a dangerous risk or needless exposure, he should caution the driver and give warning of the danger which the driver has overlooked or not observed. However, the driver's negligence is not imputable to the occupant of the vehicle unless the driver is the agent or servant of the occupant of the vehicle. A person riding in such vehicle should not close his eyes to danger or fail to give warning of any danger which becomes apparent to him.

4. NEGLIGENCE. *Trial. Burden of proof of contributory negligence on defendant; defendant relying on contributory negligence to diminish damages should ask instruction; plaintiff is not required to negative contributory negligence in instructions.*

The defense of contributory negligence is an affirmative defense, and the burden of proof as to this defense is upon the defendant. If the defendant relies upon contributory negligence to diminish the damages, he should ask an instruction to that effect. The plaintiff has a right to present his theory without negativing in his instructions contributory negligence. *M. & O. R. Co.* v. *Campbell*, 114 Miss. 803, 75 So. 554, cited.

*Headnotes 1. Railroads, 33 Cyc., p. 1104; 2. Railroads, 33 Cyc., p. 1099; 3. Railroads, 33 Cyc. pp. 1015, 1017; Negligence, 29 Cyc., p. 549; 4. Negligence, 29 Cyc., p. 601; Trial, 38 Cyc., p. 1697 (1926 Anno.); p. 1636 (1926 Anno.).

APPEAL from circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Action by Mrs. Grace Lucken against the Yazoo & Mississippi Valley Railroad Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

*Burch, Minor & McKay* and *Hirsh, Dent & Landau,* for appellant.

I. Appellant entitled to direct verdict in court below. *Railroad Co.* v. *McCoy*, 105 Miss. 738. Hubbard's statement that he looked and saw no train, listened and heard no whistle blown or bell rung before crossing railroad track of no probative value and creates no material

conflict in the evidence which required the submission of the issue to the jury. *Peters* v. *Southern Ry. Co.,* 33 So. 332; *Artz* v. *Railroad Co.,* 34 Ia. 154; *McCarthy* v. *R. R. Co.,* 1915-B L. R. A. 140; *M. & O. R. R. Co.* v. *Bennett,* 127 Miss. 413; *Jackson* v. *Railroad Co.,* 89 Miss. 35. The absence of signals, if such were the fact, . is not proximate cause of Lucken's death. Gross negligence of Hubbard, the driver of the car, sole cause of Lucken's death, if evidence of two negro boys in car with Hubbard is true. *Y. & M. V. R. R. Co.* v. *Cox,* 132 Miss. 570.

II. Crossing not a part of a public or dedicated highway. Charge in plaintiff's declaration that crossing was a part of a dedicated highway not sustained. Plaintiff's evidence, indeed all of the evidence, discloses that the crossing was not a part of a dedicated public highway so as to require that statutory signals be given in approaching the crossing in compliance with section 4045, Code of 1906, section 6669, Hemingway's Code. *Sanford* v. *Meridian,* 52 Miss. 383. It will thus be seen from the evidence of both the plaintiff and the defendant that there is nothing in this record to disclose that the crossing in question was a part of a dedicated public highway, so as to come under the purview of section 4045, Code of 1906, section 6669, Hemingway's Code. Volume 2, section 7074, Hemingway's Code. Jurisdictional facts must appear of record in order to constitute a public road. *Craft* v. *DeSoto County,* 79 Miss. 618; *Sullivan* v. *LaFayette County,* 58 Miss. 618; *Willis* v. *Reed,* 86 Miss. 446; *Burnley* v. *Mullins,* 86 Miss. 440; *I. C. R. R. Co.* v. *Dillon,* 111 Miss. 520; *Adkinson* v. *G. & S. I. R. R. Co.,* 117 Miss. 131; *Warren County* v. *Mastronardi,* 76 Miss. 273, 24 So. 199; *Burnley* v. *Mullins,* 86 Miss. 441, 38 So. 635; *Wills* v. *Reed,* 86 Miss. 446, 38 So. 793.

III. Lucken guilty of negligence. The court erroneously declined to so instruct or to submit the question

of his negligence to the jury. *Railroad Co. v. McLeod,* 78 Miss. 341; *Noble* v. *Railroad Co.,* 298 Fed. 381. Instruction No. 4 given plaintiff, erroneous, contravenes contributory negligence statute, and advised jury that they might award full amount sued for not exceeding fifty thousand dollars. *Gulfport & Miss. Coast Traction Co.* v. *Keebler,* 130 Miss. 631; *A. & V. Ry. Co.* v. *Dennis,* 128 Miss. 299; *Lumber Co.* v. *Jacobs,* 132 Miss. 652; *Tensall* v. *Davis,* 129 Miss. 30; *Bonelli* v. *Branciere,* 127 Miss. 556. This instruction does not confine the defendant's negligence to such negligence as contributed in whole or in part to the injury complained of. If defendant was negligent, how, in what respect, and what was its connection to the injury sustained by the decedent? In order to fix liability, the negligence charged must have been proven and the negligence proven must have been the proximate cause of the injury. *Clesby* v. *Railroad Co.,* 78 Miss. 937; *Billingsley* v. *Railroad Co.,* 100 Miss. 612; *A. & V. Ry. Co.* v. *McCoy,* 105 Miss. 738.

IV. Court erred in excluding evidence of fireman and engineer as to what, if anything, they could have done that they did not do in order to keep locomotive from striking automobile. *Billingsley* v. *Railroad Co., supra.*

V. Verdict should be set aside, it is against the great preponderance of the evidence. *M. & O. R. R. Co.* v. *Bennett,* 127 Miss. 413, 90 So. 113; *Garvin* v. *Lowry,* 7 S. & M. 24; *Simmons* v. *Means,* 8 S. & M. 400; *Dodson* v. *State,* 67 Miss. 331; *Flora* v. *Express Co.,* 92 Miss. 69; *Clark* v. *Moyse,* 48 So. 721; *McFadden* v. *Buckley,* 53 So. 351; *Fore* v. *Railroad Co.,* 87 Miss. 218; *McQueen* v. *Bostick,* 12 S. & M. 604; *Sims* v. *McIntyre,* 8 S. & M. 327; *Buckingham* v. *Walker,* 48 Miss. 630; *Hood* v. *Barnes,* 72 So. 930; *Barbee* v. *Reese,* 60 Miss. 906.

VI.   Verdict grossly excessive.   *L. & N. R. R. Co.* v. *Garnett,* 93 So. 241; *New Deemer Mfg. Co.* v. *Alexander,* 122 Miss. 859, 85 So. 104;   *Hines* v. *Green,* 125 Miss. 476, 87 So. 649.

*Anderson, Vollor & Kelly* and *A. A. Chaney,* for appellee.

When the appellant contends that the crossing in question is not a public one, it necessarily puts itself in the position of contending that no one has a right to call for or to ship freight or to become a passenger at the Valley Park station.  If the station and station grounds are public places, necessarily the station crossing is a public place, the crossing being the only one in the town and the only one leading to the station and station grounds.  A public highway is one that the public uses and has a right to use.  There is no denial that the public has used the highway and crossing in question continuously and without interruption for a period of more than twenty years.  Courts of last resort are uniform in holding that an unexplained user of land as a highway, by the public, for the prescriptive period would be presumed to be under a claim of right, and that, where the evidence, without contradiction, clearly shows continued and uninterrupted use by the public of the highway for the prescriptive period, the highway will be presumed to be a public thoroughfare.  *Phillips* v. *Leininger,* 280 Ill. 132, 117 N. E. 497;   *Southern Ind. R. R. Co.* v. *Norman,* 165 Ind. 126, 74 N. E. 896;   *Hanson* v. *Taylor,* 23 Wis. 547;   *Dimon* v. *People,* 17 Ill. 416; *State* v. *Teeters,* 97 Ia. 458, 66 N. W. 754.   Record evidence of the establishment or recognition by the public authorities of the way as a public highway or road is not necessary.   *State* v. *Quincy, etc., R. R. Co.,* 150 Mo. 556, 131 S. W. 161;   *Raht* v. *Southern R. R. Co.,* 50 S. W. 72;   *Brigham City* v. *Crawford,* 20 Utah 130, 57 Pac. 842;   *Eyman* v. *People,* 6 Ill. 4.   Where the use of

the passway has extended over a long period of years, very slight evidence will be sufficient to show that it was enjoyed under a claim of right; and when a proprietor undertakes to close a passway the burden is on him to show that the use was merely permissive, and to explain away the presumption that its uninterrupted enjoyment for more than fifteen years was not exercised under a claim of right. The mere fact that the owner of the servient estate never gave, and the person using the passway never asked, permission is not in itself sufficient to overcome the presumption in their favor arising from the long-continued use of the way. *Smith* v. *Pennington,* 122 Ky. 355; *Patton* v. *Forgey,* 153 S. W. (Mo.) 375; *Carter* v. *Walker,* 65 So. 170; *Boonville Special Road District* v. *Fuser,* 171 S. W. 963; *Rose Judge* v. *Kolen,* 179 S. W. 229; 9 R. C. L. 32; 13 R. C. L. 23; *Rudd* v. *Casualty & Indemnity Co.,* 1912-C Ann. Cas. 606; *Godfrey Hamp* v. *Pend Oreille County,* 1918-E L. R. A. 400; *Card* v. *Cunningham,* 74 So. 336; *Lewman* v. *Andrews,* 129 Ala. 174; *Manderschid* v. *Dubeoue,* 29 Ia. 73; *Whitesides* v. *Green,* 13 Utah 341, 44 Pac. 1932; *State* v. *Wilkerson,* 2 Vt. 480; *Marion* v. *Skillman,* 127 Ind. 130; *Boyce* v. *Kalbaugh,* 47 Md. 334; *Stuyvesant* v. *Woodruff,* 21 N. J. 133; *Reed* v. *Northfield,* 13 Mass. 94, 23 Am. Dec. 662; *Ryle* v. *State,* 63 So. 342, 106 Miss. 123.

The defendant company by the erection and maintenance of the railroad crossing sign boards and by inviting the public to use the crossing for its benefit for a long number of years, recognized the crossing as a public crossing, and could not now be heard to say that under the provisions of section 6669, Hemingway's Code, that the crossing is a private one. Upon a thorough investigation, it is found no court in the union has held to the contrary. Ariz. *Copper Co. Ltd.* v. *Garcia,* 214 Pac. 317; *St. Louis I. & M. S. Ry. Co.* v. *O'Connor,* 142 Pac. 1111; *Midland Valley R. R. Co.* v. *A. J. Shores,* 136 Pac. 157; *Russell* v. *Atchison, T. & S. F. R. R. Co.,* 70 Mo. App.

137 Miss.—37.

88; *Atkinson* v. *Fountain*, 10 Ga. 307; *Keith* v. *Inter-colonial Coal Mining Co.*, 18 N. S. 226; *R. R. Company* v. *Bryant*, 204 S. W. 443 (Tex.). A statute requiring signals "where the railroad crosses any public street or highway" applies to any street or road actually used by the public generally as and for a street, — used so generally and so long as to be fairly denominated and considered a highway—no matter that no record of its adoption by the county court or council can be produced. *Ray* v. *C. & O. R. R. Co.*, 57 W. Va. 333; *Schoonover* v. *B. & O. R. R. Co.*, 69 W. Va. 566; *Markham* v. *Houston & T. C. R. R. Co.*, 1 Tex. App. Civ. Cas. (White & W.) 35; *St. L., I. M. & S. R. R. Co.* v. *Tomilson*, 78 Ark. 251; *Southern R. R. Co.* v. *Combs*, 124 Ga. 1004; *Cleveland C. C. & St. L. R. R. Co.* v. *Baker*, 106 Ill. 500; *Hartman* v. *Chicago C. W. R. R. Co.*, 132 Ia. 582, 110 N. W. 10; *L. & N. R. R. Co.* v. *Bodine*, 109 Ky. —; *Johnson* v. *Boston & M. R. R. Co.*, 153 Mass. 57; *Gurley* v. *M. P. R. R. Co.*, 122 Mo. 141; *Meitzner* v. *B. & O. R. R. Co.*, 224 Pa. 352; *Kirby* v. *Southern R. R. Co.*, 63 S. C. 494; *Railroad Co.* v. *Abee*, 98 S. E. 31; *Railroad Co.* v. *Bullington*, 116 S. E. 267; *Railroad Co.* v. *Watson*, 82 Miss. 89.

The case was tried in lower court on theory that crossing was a public one. Not a question asked by defendant seeking to show crossing private and not a witness introduced to make this proof. The first reference to the crossing made by defendant in motion for new trial. Too late now to raise the question. Notice under general issue admits, in effect. that crossing was public, and that public crossing statute complied with in every respect. This court has repeatedly held that it will only pass on questions presented in the trial court. This question not having been presented to the trial court by the defendant it is now too late to ask this court to pass on the question. *Huston* v. *King*, 119 Miss. 374, 80 So. 779; *Evans* v. *Sharborough*, 106 Miss. 687; 64 So. 466; *Y. & M. V. R. R. Co.* v. *Sebulsky*, 109 Miss.

228, 68 So. 164;  *Indianola Compress & Storage Co.* v.
*Southern Ry. Co.,* 110 Miss. 602, 70 So. 703; *Fox* v.
*Bagget,* 101 Miss. 519, 58 So. 581;  *Miss. Central R. R.
Co.* v. *Robinson,* 106 Miss. 896, 64 So. 838; *Byrd* v. *State,*
1 Howard 163; *McDowell* v. *Brooks,* 18 So. 857; *Anderson* v. *Maxwell,* 48 So. 227.

The contention that the crossing in question was a
private crossing was an affirmative defense which could
not be made except on notice under the general issue as
provided by section 527, Hemingway's Code.   *Y. & M.
V. R. R. Co.* v. *Grant,* 86 Miss. 565, 38 So. 502; *Tittle* v.
*Bonner,* 53 Miss. 578.  The purpose of the statute, as
the court has held, is to require every affirmative matter
to be cited specially or given notice of, so as to distinctly
inform the opposite party of the precise grounds of
contest on which he is to be met by his adversary.

The signals as required by statute not given.   A
preponderance of the testimony shows that the bell did
not ring and the whistle did not blow as required by
statute.  ''Preponderance of the evidence does not mean
numerically.''  *Harris* v. *Perkins,* 25 So. 154, 98 So. 230.
''Positive evidence that signals were given is held to
overcome evidence that they were not heard by other
witnesses, but if one who was intently listening for, and
expecting the signals, and could have heard them,
testifies that he did not hear them, his evidence may be
of equal weight with the evidence that they were given,
and it is for the jury to determine from the evidence.''
3 Elliott on Railroads, sec. 1653; *C. B. & Q. R. R. Co.* v.
*Dickson,* 88 Ill. 431;  *Bunting* v. *Central Pacific,* 16
Nev. 277; *Renwick* v. *N. Y. etc.,* 36 N. Y. 132;  *Voak* v. *N.
C. R. R. Co.,* 75 N. Y. 320;  *Urback* v. *Chicago, etc., Ry.
Co.,* 47 Wis. 59;  *Berg* v. *Chicago, etc., Ry. Co.,* 50 Wis.
419;  *Dublin R. R. Co.* v. *Slattery,* L. R. 3 App. Cas.
1115; *L. & N. R. R. Co.* v. *Crominarity,* 86 Miss. 464, 38
So. 633;  *Skipworth* v. *Railroad,* 48 So. 964; *Railroad
Co.* v. *Campbell,* 114 Miss. 803, 57 So. 554; Sec 503,
Hemingway's Code.

There can be no just complaint by the defendant on account of the instructions. The instructions were much more favorable to the defendant than it was entitled to. Plaintiff had a right under the ruling of this court, in the case of *Railroad Company* v. *Campbell, supra,* upon which she relied, to submit her theory of the case to the jury. *Cocora* v. *Traction Co.,* 89 So. 257, 126 Miss. 713, held that it was error to eliminate and exclude from the consideration of the jury the damage which resulted from the negligence of the driver and to limit the recovery to only such damages as were caused by the railroad company. *Railroad Co.* v. *Moore,* 228 U. S. 433. Authorities cited in appellant's brief do not apply to the case at bar.

We have made a very exhaustive search of the entire reporter system and have been unable to find, in a single instance, where a crossing, treated by the railroad as public, was not held to be a public crossing, coming within the provisions of a statute requiring signals at public crossings. The supreme court of every state that has passed on the question, so far as we have been able to find, has held that where a crossing is generally used by the public, with the consent of or at the request of the railroad, and which is treated as a public crossing by the erection of "crossing signals" or "whistling posts" or otherwise, is a public crossing within the provisions of a statute requiring signals or proper upkeep and maintenance. *Y. & M. V. R. R. Co.* v. *Watson,* 82 Miss. 89; 8 Am. & Eng. Ency. of Law, 376; *Webb* v. *Railroad Co.,* 57 Me. 117; *Ray* v. *Railroad Co.,* 57 W. Va. 333; *Johnson* v. *Railway Co.,* 7 N. D. 284, 75 N. W. 250.

*Hirsh, Dent & Landau, C. N. Burch* and *H. D. Minor,* for appellant.

Defendant's theory of the case was not submitted to the jury. The law is well settled in Mississippi that the

defendant is entitled to have each and every one of his defenses, which are supported by evidence, submitted to the jury under proper instructions. *Crow v. Burgin,* 38 So. (Miss.) 625; *Hursey* v. *Hassam,* 45 Miss. 133; *Levy* v. *Gray,* 56 Miss. 318; *Aldridge* v. *State,* 59 Miss. 251; *Lamar* v. *State,* 64 Miss. 428; *Gerdine* v. *State,* 64 Miss. 800; *I. C. R. R. Co.* v. *Cole,* 113 Miss. 901; *Coal Co.* v. *Hughes,* 224 Fed. 59; *Bates* v. *Willis,* 239 Fed. 794; 38 Cyc. 1718; *L. & N. R. R. Co.* v. *King,* 131 Ky. 347.

The instruction for the plaintiff that the deceased was "not required to stop, look and listen" is, affirmatively erroneous. *Jackson* v. *Railroad,* 89 Miss. 35; *Railway Co.* v. *French,* 69 Miss. 126; *Railroad Co.* v. *Crominarity,* 86 Miss. 467.

Argued orally by *R. L. Dent,* and *Chas. N. Burch,* for appellant, and *A. A. Chaney* and *R. M. Kelly,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was plaintiff below and brought suit for the wrongful death of her husband, J. L. Lucken, and alleged in her declaration that the appellant is a railroad corporation under the laws of the state of Mississippi, operating a line of railroad through Valley Park, Miss., a town between Vicksburg and Rolling Fork, and that in the town of Valley Park, where her husband was killed, the railroad runs north and south, and that its depot is situated on the east side of the railroad track, and that a highway and public thoroughfare runs east and west and crosses the railroad and is dedicated to the public use. That on September 14, 1923, J. L. Lucken, her husband, was a passenger in an automobile, the driver of which undertook to drive said automobile going west across the railroad track at the crossing just south of the depot, when a south-bound

train operated by the appellant ran into and against the automobile with such force and violence that said Lucken was knocked out of the automobile to the ground and was killed. That it was the duty of the railroad company to operate its trains at a reasonable rate of speed at said crossing and to give proper signals of warning to those who might be approaching the said crossing, and to take all reasonable precautions to avoid injury to or collision with persons having occasion to use said crossing. That the space on the railroad right of way immediately north of said crossing and east of said railroad track is covered with high weeds and bushes, making it impossible for any one to see an approaching train from the north. That the depot and other buildings also obscure the view, and that there is no way for one traveling in an automobile going west to know of an approaching train from the north when the proper signals of warning are not given. That the defendant carelessly and negligently caused its said train to be run and operated at a fast and dangerous rate of speed without giving proper signals of warning of its approach. That on account of the negligence of the defendant the plaintiff's husband, J. L. Lucken, was killed, and she has thereby been deprived of his support, love, and affection, to her damage, etc.

The defendant filed the general issue and gave special notice under the general issue that at the time and on the occasion mentioned that said J. L. Lucken, the deceased, was killed, said Lucken and those who accompanied him in said automobile were guilty of negligence which proximately caused his death, in that said Lucken and his companions were riding in an automobile along and over a dirt road which crosses the track of defendant's railroad practically at right angles at said crossing, at a time when the regular scheduled passenger train was due to approach and was approaching said crossing, and that they drove upon and on said railroad track without the slightest regard to the signals of said

approaching train, and without stopping, or looking, or listening for the approach of said train, and without exercising the slightest care or caution for their own safety at said crossing. That they drove said automobile on and upon said railroad track so nearly in front of the approaching train of the defendant that it was impossible for defendant's servants in charge of said train, in the exercise of due care, to prevent the locomotive from striking the automobile and inflicting injury on plaintiff's intestate, from which he died. And, further, that the occupants of said automobile were given every possible notice of the approach of said train of defendant by the required signals from the approaching train, and also by warnings from bystanders at or near said crossing, and also by warnings from another locomotive standing on a switch track at or near said railroad crossing, but that notwithstanding all of said warnings the occupants of said automobile, and particularly the driver thereof, in utter and reckless disregard of their own safety, undertook to cross said railroad crossing immediately in front of the defendant's approaching train, and that the plaintiff's husband, said J. L. Lucken, was struck by said locomotive and was injured and killed, as the sole and proximate result of the negligence of the occupants of said automobile, and by no want of care on the part of the defendant, or of its servants or agents, but that plaintiff's husband, said J. L. Lucken, was injured and killed as a sole and proximate result of the negligence and recklessness of the occupants of the automobile in undertaking to cross said railroad crossing in front of said approaching train of the defendant.

The railroad crossing in question is the only one in the town of Valley Park and approaches the railroad track from the east from the Vicksburg and Rolling Fork public highway, which runs parallel with and east of the railroad track at this point. The road which crosses the railroad track where the injury occurred on

the west leads to a gin and to a sawmill situated north
of the said crossing; there being no general public high-
way beyond the said sawmill, but there being three
plantation or private roads leading to the said railroad
crossing.   This crossing is the only crossing for a
distance of several miles north and south, the distance
on the north to another crossing being about two and
one-half miles, and the distance south to another crossing
being from three to four miles.

There was considerable proof on the part of the plain-
tiff that this railroad crossing was a public crossing and
had been used as such for many years, and that it was
necessary for the public in order to reach the depot of
the defendant to pass over this road, and that this road
had been dedicated to and used by the public for more
than ten years.   There was proof on the part of the de-
fendant that the road was not a public highway, that
it was a private crossing, and that it had not been worked
and kept in repair by the public authorities, and that the
only repairs that had been made had been made by the
railroad company.

There was testimony for the plaintiff that leaving the
Vicksburg and Rolling Fork highway there was a store
building on the north side of the road and some buildings
between that road and the railroad track which ob-
structed the view to the north so that the approaching
train could not be seen.   There was testimony for the
defendant that a person traveling this public road to
the railroad crossing could see the approach of the rail-
road train.

There was testimony for the plaintiff by three persons
who occupied the automobile together with the deceased,
J. L. Lucken, that they each looked and listened for the
train on approaching this railroad crossing, that they
could not see the approaching train because of the depot
and some other buildings until they were right upon
the crossing; and that no whistle was blown or bell rung
giving warning of the approach of the train.   The

driver of the said automobile testified that he looked and could not see the approaching train until he was right on the crossing; that to have stopped then would have resulted in all of the occupants of the said automobile being killed.

It appears from the plaintiff's evidence, and also from the defendant's evidence, that when the said automobile reached the point near the crossing, the deceased on seeing the approaching train called out to the driver of the car that the train was approaching and rose and grabbed the driver of the automobile by his shoulder and shook him; that the driver, however, did not stop the automobile; and that the deceased undertook to get out of the automobile, and in doing so fell upon the running board of the automobile and from there onto the railroad right of way and was struck by the cowcatcher of the engine of the train and dragged a few feet, and some hours later said J. L. Lucken died from the effect of his injuries so received as a result of his collision with the defendant's locomotive.

The plaintiff's evidence shows that the defendant's train was at the flag pole which was opposite the depot and about one hundred fifteen feet from the railroad crossing. A depot platform, which is a gravel platform, is about thirteen feet from the depot to the said railroad track, making something like twenty feet from the center of the track to the depot. The railroad crossing is eighty-four feet south of the southwest corner of the depot. The testimony for the plaintiff is that the train was approaching at about twenty-five miles per hour, and that the automobile was being run at about ten miles an hour. The testimony for the defendant is that the train was running very slowly at about the same rate that the automobile was running, and that the defendant had sounded the whistle for the approach of the station and also to frighten a calf off of the track, and that the bell was rung continuously from the signal station to the place of the injury, and that the whistle

was blown just before the injury occurred—as soon as defendant's servants saw the automobile come upon the railroad right of way in order to give the alarm and warn the occupants of the automobile.

There was a great deal of proof by the defendant that the whistle was blown and the bell rung continuously, but there were some of defendant's witnesses who testified that they did not remember the ringing of the bell. It appears also from the defendant's evidence that it had a passenger to discharge at Valley Park, that town not ordinarily being a stopping point for this particular train, and that as defendant's train was approaching the place of injury the train was slowed down preparatory to stopping at Valley Park to discharge this passenger, and the train would have stopped within a few feet beyond the place of collision.

The court in instruction No. 1 for the plaintiff instructed the jury that the railroad crossing in question is a public crossing, and that the driver of the automobile and those riding therein had a right to cross the railroad track at said crossing, and that the occupants of the automobile had a legal right to presume that the railroad company would operate its train in a careful and prudent manner, and that it had equipped its locomotive with a bell of at least thirty pounds in weight, or with a whistle that could be heard distinctly for a distance of at least nine hundred feet; and that they had the same right to presume that the bell would be rung, or the whistle would be blown continuously after the train came within nine hundred feet of the crossing, until the engine had stopped or crossed the highway.

The defendant requested and was refused a peremptory instruction.

The first assignment of error is that the court should have directed a verdict for the defendant in the court below, and that the case should be reversed and dismissed in this court.

It is insisted by the appellant that there is such an overwhelming preponderance of the evidence that the defendant gave the proper signals and exercised due care and caution as practically to amount to no conflict in the evidence, although the three persons who were in the automobile with the deceased at the time of the collision testified that they looked and listened for the approaching train and did not hear the whistle blow or the bell rung, and that said signals were not given.

While the greater number of witnesses testified to the signal being given, we think the evidence presents a case for the jury to say whether the signals were given or not. There are three witnesses who testified positively for the plaintiff on these points, and there are other witnesses for the defendant who were not certain, or do not remember the bell ringing continuously for the three hundred yards required by law in case this is a public crossing, and in our opinion the case does not come within the rule announced in *M. & O. R. Co.* v. *Bennett*, 127 Miss. 413, 90 So. 113, and other cases following that announcement. The credibility of the witnesses is for the jury, and this is not a case where an interested party is testifying in his own behalf solely against a crowd of credible witnesses, nor is it a case where the plaintiff's witnesses have been impeached to such an extent that the court could say that they had been successfully impeached. There is no attack upon the veracity of the witnesses testifying for the plaintiff as to these facts so far as their general reputation for veracity is concerned.

In our opinion there was sufficient evidence to warrant the jury in believing that the crossing in question was a public crossing if that issue had been submitted to the jury on proper instructions. In other words, we are unable to say that the evidence in the record would not support a verdict for the plaintiff. However, we think it was error on the facts in this record for the court to peremptorily instruct the jury that the crossing in question was a public crossing. We think that that is a

controverted issue of fact in this case, there being direct and positive testimony for the defendant that it was not a public crossing, and there is a difference in the duty of the railroad company on approaching a public highway and on approaching a private highway where people habitually travel. In the case of a public highway the statute requires the giving of signals regardless of whether persons are seen or not in a position of danger. In other words, under the statute it is the duty of the railroad company to give the signals on approaching a public crossing at all events, and, if a person is injured by reason of a failure to give such signals, the railroad company will be negligent as a matter of law. But in the case of a private crossing which people habitually travel, the duty of a railroad company to give signals would depend upon the circumstances existing at a particular time.

In cases like this it is not necessary to prove the existence of a public highway with the same particularity that would be necessary in a suit between the owner of the soil and the county, but it devolves upon the plaintiff to prove that the crossing is a public crossing where the case depends upon the failure of the railroad company to sound the whistle or ring the bell as a ground of negligence, and if the question is a controverted question, it should be submitted to the jury on the evidence, under the proper instructions, and let the jury determine whether it is in fact a public highway or not. We think, therefore, it was error for the court to instruct the jury that the highway was a public highway, and as the case largely was tried on the theory of the failure to give signals, it was manifestly reversible error to give this instruction.

As the case must be reversed, it is not necessary to deal with all of the many questions raised on this appeal. However, there is one question which we think it proper to discuss, and that is as to whether Lucken, the de-

ceased, was guilty of negligence contributing to his injury.

There was no request for an instruction telling the jury that if Lucken was guilty of contributory negligence. the jury should reduce the amount of their verdict in proportion to the negligence of Lucken to that of the railroad company,. if the railroad company was negligent. The defendant did request an instruction that if the jury believed that Lucken, situated as he was on the seat by the driver of the automobile, in approaching said crossing, without doing what an ordinarily prudent and cautious man would have done under the circumstances, and without protest or warning of any kind while they were in a place of safety away from said crossing, permitted Hubbard, the driver of said automobile, to drive upon the railroad track in front of a moving train without stopping, looking, or listening, or without exercising such precautions as an ordinarily prudent man would have exercised to ascertain whether or not a train was approaching, then the said Lucken was guilty of negligence, and if his negligence, concurring with that of Hubbard, the driver of the automobile, was the sole cause of the injury to and death of the said Lucken, then the jury must find for the defendant. This instruction was refused by the court.

The court gave to the defendant the following instruction:

"The court instructs the jury for the defendant that if you believe from the evidence that the accident in question was caused solely by the negligence of the parties riding in said automobile, then you must find for the defendant."

The defendant also requested an instruction that—
"The court instructs the jury for the defendant that it was the duty of the plaintiff, Lucken, to exercise on the occasion in question reasonable care for his own safety, and if you find from the evidence that he was acquainted with the locality, and the conditions around

Valley Park Station, and knew that there was a railroad crossing which he and the other parties in the automobile were about to cross, it was incumbent upon him not to allow the automobile to be driven on, across, or over the crossing until he could ascertain that there was no train immediately approaching the crossing or in immediate proximity to the crossing; and if you find from the evidence that the automobile was driven upon the crossing without any effort upon the part of the decedent, Lucken, to ascertain whether or not a train was approaching, or to have the driver of the automobile do so, by stopping, looking, or listening at a time and place which would have enabled him, or them, to ascertain whether or not a train was approaching, then, under such circumstances, Lucken was guilty of negligence, and if his negligence, or the negligence of the driver of the automobile, was the sole and proximate cause of Lucken's injury and death, it is your sworn duty to promptly return a verdict for the defendant, the Yazoo & Mississippi Valley Railroad Company.''

This instruction also was refused.

These refused instructions are inaccurate because they carry the idea that it was the duty of Lucken to control Hubbard, the driver of the automobile, in the operation of the automobile, and that if he permitted Hubbard, the driver, to negligently drive upon the track, he could not recover.

The duty of a passenger in a vehicle as regards a situation of this kind is discussed in *Illinois Cent. R. Co.* v. *McLeod,* 78 Miss. 334, 29 So. 76, 52 L. R. A. 954, 84 Am. St. Rep. 630, and *A. & V. Railway Co.* v. *Davis,* 69 Miss. 444, 13 So. 693. In the last-named case, *Railway Co.* v. *Davis,* it was held by this court that the contributory negligence of a driver in venturing upon a railroad crossing before an approaching train, whereby his vehicle is struck, is not imputable to a temporary occupant of the vehicle, who is being driven in it by the mere invitation of its owner, and who

has no control over the driver, and no reason to believe that he is imprudent. In that case a young lady was driving in a buggy with a young man who undertook to cross a railroad crossing in front of an approaching train. When she saw he was going to attempt to drive over the crossing in front of the moving train, she cried out, "Surely, you do not intend to cross!" and upon his replying, "Yes," she screamed and seized him, and immediately the train was upon them and she was injured. The court, in that case, said:

"She was not bound to exercise that care and caution and take such prudent action as it may now appear would or might have produced a different result. She was only required to behave herself as the average woman of reason would have done, situated as she then was."

In the *McLeod Case,* 78 Miss. 334, 29 So. 76, 52 L. R. A. 954, 84 Am. St. Rep. 630, it was held that one being driven in a carriage by another cannot recover for damages received because of the negligence of a third party, where the palpable negligence of the driver contributed to the injury, and the party injured was himself guilty of negligence in not taking action to check the driver or remonstrate with him, having opportunity to do so and the danger being apparent.

These cases show that a person occupying a vehicle driven by another over whom he has no control may be required to do something for his own safety and protection, such as to give seasonable warning or remonstrance against assuming the danger which is apparent. Such person is not under the same duty nor charged with the same degree of care as a person driving the automobile or other vehicle, and where the person driving the automobile or other vehicle is a safe and prudent and careful driver, the vigilance of the occupant of such automobile or other vehicle is considerably relaxed, and he may assume that the driver will take such caution as is reasonable and prudent under the circumstances. But

if such occupant of an automobile discovers danger or sees that the driver is taking a dangerous risk or needless exposure, he should caution and remonstrate with the driver and give warning of the danger which the driver has overlooked or has not observed. However, the negligence of the driver is not imputable to the guest or occupant of the automobile unless the driver is the agent or servant of the person riding in an automobile. A person riding in an automobile with another should not close his eyes to manifest danger, or fail to give warning of any danger that becomes apparent to him.

In the case before us the deceased, under all the proof by eyewitnesses to the accident, did give the alarm and undertook to remonstrate with the driver; but whether he did so as quickly as he should have done, or as soon as the danger became manifest, or as soon as it became manifest that the driver was going to undertake to cross in front of the approaching train, may be properly submitted to the jury.

In our view nothing in *Cocora* v. *Vicksburg Light & Traction Co.*, 126 Miss. 713, 89 So. 257, conflicts with the views here expressed.

It is also complained that in one of the instructions for the plaintiff the jury were instructed that if the negligence was the result of the concurrent negligence of the driver of the automobile, Hubbard, and of that of the railroad company, it was the duty of the jury to bring in a verdict for the plaintiff for the full amount of the damages which the evidence showed the plaintiff sustained, not to exceed the amount sued for.

As stated, there was no request for an instruction by the defendant to diminish the amount of the damages in proportion to the negligence, if any, of the deceased.

In *M. & O. R. Co.* v. *Campbell,* 114 Miss. 803, 75 So. 554, it was held that the defense of contributory negligence is an affirmative defense, and that the burden of proof as to it is upon the defendant. A similar instruction was considered in that case, and it was contended

there that the instruction nullified the defendant's plea of contributory negligence; but the court there held that the instruction did not have that effect, and that the burden was on the defendant to present his contention by proper instructions as to diminishing the damages.

As the case must be retried, we deem it unnecessary to deal with the other assignments of error, as they may not occur, if error there be, in a subsequent trial.

*Reversed and remanded.*