JOHNSON *v.* HOWELL.

Feb. 4, 1952.

No. 38215 (56 So. (2d) 491)

**John R. Poole,** for appellant.

**Pyles & Tucker,** for appellee.

**Hall, J.**

Appellee brought suit against appellant for the recovery of damages on account of personal injuries sustained when he was struck by an automobile driven by appellant. It is undisputed that appellee sustained numerous bruises and abrasions about his body, an injury to his head, and a severe fracture of his leg above the knee, and that his hospital and medical bill was $550. It is also undisputed that at the time of his injury appellee was eight years of age. The court granted to appel-

lant an instruction as follows: "The court instructs the jury for the defendant that if you believe from the evidence that the plaintiff, Bobby Howell, from his age, intelligence, knowledge and experience has sufficient discretion to be charged with negligence and if you further believe from the evidence that the plaintiff, Bobby Howell, was guilty of negligence which contributed to the injury, then the court instructs you that any damages which the plaintiff has sustained shall be diminished in proportion to the amount of negligence attributable to the plaintiff."

The jury returned a verdict for $275, which is exactly half of the hospital and medical expense. Appellee filed a motion for a new trial as to damages only upon the ground that the verdict was grossly inadequate and that the court had erred in granting the quoted instruction. This motion was sustained and upon the second trial the jury awarded damages in the amount of $2,500 from which this appeal is prosecuted.

Appellant contends that in view of our comparative negligence statute, Section 1454, Code of 1942, said instruction granted at the first trial was proper, that the jury was justified in reducing the award of damages to appellee, and that consequently the awarding of a second trial as to damages only was erroneous. We do not agree with this contention. ▆▆ ▆ As a general proposition contributory negligence is an affirmative defense and the burden of proving it is upon the defendant. Yazoo & M. V. R. v. Lucken, 137 Miss. 572, 592, 102 So. 393; Mobile & O. R. Co. v. Campbell, 114 Miss. 803, 75 So. 554. The burden is even greater, however, in the case of a minor child between the ages of seven and fourteen years. Such a child is prima facie presumed not to be possessed of a sufficient discretion to make him guilty of contributory negligence in failing to exercise due care for his own safety. ▆▆ ▆ This presumption may be overcome by proof, in which event it becomes a question of fact for the jury, but such proof must show the exceptional capacity

of the child and his possession of the faculty of judgment in such degree as removes him from the class of infants presumptively held incapable of exercising discretion. Potera v. City of Brookhaven, 95 Miss. 774, 49 So. 617; Hines v. Moore, 124 Miss. 500, 87 So. 1; City of Vicksburg v. McLain, 67 Miss. 4, 6 So. 774.

As an abstract proposition of law the quoted instruction is probably correct except that ▇▇ the age, intelligence, knowledge, experience and discretion of the child should be confined to the time of the accident and not to the time of the trial, but in this case ▇▇ the instruction was improperly granted at the first trial for the reason that the record shows no proof whatsoever as to any exceptional capacity of appellee. Appellant did not meet the burden which the law places upon him in that respect and of course it is elemental that no instruction should be granted without some evidentiary support. Poteete v. City of Water Valley, 207 Miss. 173, 182, 42 So. (2d) 112, and authorities therein cited. The trial court, therefore, did not err in sustaining appellee's motion for a new trial on the issue of damages.

Appellant also contends that there was error in refusing his request for a peremptory instruction. That contention is wholly without merit. ▇▇ This accident occurred in front of Whitfield School which is situated on the West side of Claiborne Street, running North and South in the City of Jackson. Appellant was driving North on this street at about 3:00 o'clock in the afternoon. He admitted that he knew the school was there, that children were on the school yard, and that automobiles were parked on each side of the street operated by mothers who were waiting for their children. The accident occurred at a cross-walk which had been marked upon the pavement for use by children in crossing the street. According to appellee's evidence appellant was driving about 30 or 35 miles per hour. Appellant admitted that he was driving 15 or 20 miles per hour. He admitted that his brakes were defective be-

cause some of the brake fluid had leaked out. He testi-fied that he was looking straight ahead and did not glance to either side and did not see appellee. Under Section 8060, Code of 1942, the speed limit past schools between the hours of 8 a. m. and 4 p. m. is ten miles per hour. The city ordinance fixes the speed at what is reasonable and prudent under the circumstances then existing. Appellee did not request a peremptory instruc-tion at the first trial, to which he was probably entitled, but as to which it is unnecessary for us to express an opinion, but certainly the appellant was not entitled to a peremptory charge and the trial court committed no error in submitting to the jury the question of appellant's negligence. The judgment entered at the second trial is therefore affirmed.

Affirmed.

**Alexander, Lee, Kyle** and **Arrington, JJ.**, concur.